IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DIETGOAL INNOVATIONS LLC,

Plaintiff,

v.

CIVIL ACTION NO. 2:14cv143

GENERAL MILLS SALES, INC.,

Defendant.

*ORDER*

On December 13, 2013 and December 20, 2013, the Court entered Orders in Civil Actions No. 2:13cv154 (*DietGoal Innovations LLC v. Wegmans Food Markets, Inc.*), 2:13cv401 (*DietGoal Innovations LLC v. Dunkin' Brands Group, Inc.*), and 2:13cv430 (*DietGoal Innovations LLC v. Domino's Pizza, Inc.*) consolidating the cases into a single action for pretrial purposes into Civil Action No. 2:13cv154. On April 11, 2014, the above-captioned case was transferred into this District from the Eastern District of Texas.

In those Orders, the Court noted that Rule 42 of the Federal Rules of Civil Procedure reads, in relevant part: "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). It further noted that under that Rule, district courts enjoy wide discretion to consolidate actions pending in the same district. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977); *see generally* Charles A. Wright, Arthur R. Miller, *et al.*, 9A *Federal Practice and Procedure Civil* § 2384 (3d ed.).

1

The Court finds that the above captioned case and the previously consolidated cases involve common questions of law and fact and that other considerations support consolidation. Specifically, Plaintiff DietGoal alleges in the complaints filed in the previously-consolidated cases and in this case that all four Defendants infringe the same patent through the operation of their online computerized meal planning interfaces. Civil Action No. 2:13cv154, Second Am. Compl. ¶¶ 63, 88, 96; Civil Action No. 2:14cv143, Compl. ¶ 9. Similarly, Defendants' Answers raise overlapping defenses and counterclaims. For example, they raise the defenses of failure to state a claim, lack of infringement, patent invalidity, and multiple equitable defenses such as unclean hands and estoppel. And they counterclaim for a declaratory judgment of patent invalidity.

Accordingly, it is **ORDERED** that the above captioned case is consolidated for purposes of pretrial litigation into Civil Action No. 2:13cv154. Once the consolidated actions reach final pretrial, the Court will entertain motions to determine whether it is appropriate to proceed to trial in a single consolidated action.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
April 21, 2014

Raymond A. Jackson
United States District Judge